

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSHUA ADAMS AND KRISTIN ADAMS, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, KRISTIN NICOLE ADAMS AND BRAXTON O'NEAL ADAMS | * * * * * * | CIVIL ACTION 08-755 NO. SECT. C MAG 1 |
| VERSUS | * * | SECTION " " |
| OCCUPATIONAL MEDICINE SERVICES, L.L.C., LENNY A. FOLSE, N.P. AND ROBERT W. DAVIS, M.D. | * * * * | MAG. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES AND TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, Joshua Adams and Kristin Adams, persons of the full age of majority and residents of the State of Mississippi, County of Pike, residing at 2140 Spencer road, Magnolia Mississippi 39652, individually and on behalf of their minor children, Kristin Nicole Adams and Braxton O'Neal Adams, who respectfully represent the following:

I.

Made defendants herein are:

1. **Occupational Medicine Services, L.L.C.,** a Louisiana limited liability corporation, having its principle place of business at 895 Verret Street, Houma, Louisiana, authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court which at all pertinent times

    engaged in providing medical services within the meaning and intent of LSA-R.S. 40:1299 *et seq.*

2. **Lenny A. Folse, N.P.,** a major and resident of Houma, Terrebonne Parish, Louisiana, a physician's assistant and/or nurse practitioner performing such duties within the State of Louisiana and the jurisdiction of this Honorable Court.

3. **Robert W. Davis, M.D.,** a major and resident of Houma, Terrebonne Parish, Louisiana, who at all times pertinent hereto engaged in the practice of medicine within the Parish of Terrebonne, State of Louisiana.

## II.

Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand Dollars ($75,000.00).

## III.

Defendants are liable to plaintiffs jointly, severally and *in solido* for such damages as are deemed reasonable in the premises together with legal interest thereon, plus all costs of these proceedings for the following, to-wit:

## IV.

On or about July 8, 2005, your petitioner, Joshua Adams, filed with the Commissioner of Administration a Request for Medical Review Panel as to the health care provider defendants herein.

## V.

On or about December 5, 2007, the Medical Review Panel rendered its written opinion finding, unanimously, as follows:

    The Medical Review Panel, composed of the undersigned, having reviewed the evidence submitted by the parties, given notice to the parties with reference to their right to convene the panel for questioning, having made the

evidence available to the parties and having met in consideration of same, the panel renders the following expert opinion.

1.

The evidence supports the conclusion that the defendant, Lenny Folse, failed to comply with the appropriate standard of care as alleged.

2.

The breach of the standard of care contributed to the resultant damages.

3.

As to the allegations against defendant, Dr. Robert Davis, there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court.

4.

The evidence does not support the conclusion that the defendants, Occupational Medicine Service, L.L.C. and Dr. John P. Sweeney, failed to meet the applicable standard of care as alleged.

**VI.**

On July 13, 2004, your petitioner, Joshua Adams, then age 28 and married presented to defendant, Occupational Medicine Services, L.L.C. (hereinafter referred to as "OMS") and its employee, defendant, Lenny Folse, N.P., then either a physician's assistant or nurse practitioner, at its clinic at 895 Verret Street, Houma, Louisiana.

**VII.**

Defendant, Lenny Folse, N.P. was alone on duty at the time but upon information and belief, was under the supervision and direction of defendant, Robert Davis, M.D. and was at all pertinent times acting within the course and scope of his employment and/or as an agent of and/or for the benefit and furtherance of the business/professional interest of defendants OMS

and/or Robert Davis, M.D.

## VIII.

At presentation, petitioner gave a history of feeling a pull/strain in his right testicle while "pulling slips" on an offshore oil platform; he further related that he felt his right testicle pull up into his scrotal sac and that while his right testicle had descended somewhat, he continued to have pain in his right testicle and lower abdomen.

## IX.

On examination, the right testicle was palpable but not descended into the scrotal sac; there was pain with palpation of the right testicle; the "diagnosis" reflected on the OMS record is right groin strain.

## X.

No ultrasound was performed or ordered nor was there an immediate referral or transfer to a urologist; the OMS record does not reflect that the patient's legs were elevated or that an ice pack was applied; nor does it appear that the patient was observed for any period of time to see if the pain would subside.

## XI.

Plaintiff was released to regular duty but was to minimize excessive lifting and squatting for 2-3 days; he was instructed anti-inflammatory as needed for pain, ice pack to groin for the next 24-48 hours and if the testicle did not descend, he was to return to the OMS clinic.

## XII.

Plaintiff was taken by his employer to a nearby motel where his pain continued to an extent that by 9:00 a.m. the next morning, plaintiff insisted on being taken to any emergency

room. OMS was notified and an appointment was made with an urologist for 1:00 p.m. on July 14, 2004. This was some twenty (20) hours after petitioner first presented to OMS.

### XIII.

Upon evaluation by the urologist and the performance of an ultrasound it was immediately determined that there was torsion of the right testicle with its consequent decreased blood flow. This plus the severe pain required immediate exploration and fixation; unfortunately, the damage had been done and notwithstanding the efforts of several urologists over a several month period, plaintiff's right testicle had to be surgically removed; before the ultimate removal of plaintiff's right testicle, he suffered and endured many months of intense pain, painful treatment and surgery and great emotional distress and fear.

### XIV.

Defendants, Robert Davis, M.D., OMS and Lenny Folse, N.P., deviated from the applicable standards of care and were professionally negligent in the following non-exclusive particulars:

1. The history, symptoms and signs at the initial presentation was presumptively diagnostic of a testicle under torsion or, at the very least, created a high index of suspicion therefore. Yet this critical diagnosis with its limited window of opportunity was completely missed.

2. Given the history, symptoms and signs consistent with, if not presumptively diagnostic of a testicle under torsion it was below the standard of care not to immediately refer petitioner to an urologist or immediately arrange for and obtained an ultrasound.

3. It was below the standard of care to release the patient with instructions to return in twenty-four (24) hours if the pain persists. The "window of opportunity" to save a testicle under torsion would likely have passed by that time.

4.  OMS and Robert Davis, M.D. were negligent in and/or deviated from applicable standards of care in the hiring, training and supervision of defendant, Lenny Folse, N.P. and/or negligent in failing to have adequate guidelines for its employees such as Lenny Folse, N.P. as to what to do when presented with a situation such as that described herein above..

5.  In all other ways which may be shown upon the trial of this matter.

## XV.

At all pertinent times, defendants, Lenny Folse, N.P. and Robert Davis, M.D. were employees, agents and/or otherwise acting for and in the interest and benefit of defendant, OMS, so as to make defendant, OMS, vicariously liable for the fault of defendants, Lenny Folse, N.P. and Robert Davis, M.D. under principles of *respondeat superior* as well as *in solido* liability.

## XVI.

As a direct result, proximate cause, cause-in-fact and legal cause of the omissions and/or commissions and deviations from applicable standards of care of defendants herein, plaintiff, Joshua Adams, has been caused to suffer severe physical pain and keen mental anguish; he has been disabled from work and handicapped in his other activities; he has lost sums of money he otherwise would have earned; his residuals are permanent and put him at risk for even greater loss; he has lost enjoyment of life's pleasures; all of which is to his loss and damage in sums deemed reasonable in the premises.

## XVII.

Plaintiff asserts that LSA-R.S. 40:1299, 47 *et seq.* and all related statutes, including specifically, but not limited to the $500,000.00 cap on damages and other limitations of liability of health care procedures are unconstitutional and invalid and plaintiff reserves all rights to challenge such constitutionality, validity and enforcement of these statutes. Plaintiff in the

statutorily mandated medical review panel process did not waive or abandon such rights.

### XVIII.

As a result of the above-described incident and the consequences flowing therefrom, plaintiffs, Kristin Adams, individually and on behalf of their minor children, Kristin Nicole Adams and Braxton O'Neal Adams, as the wife and children of Joshua Adams have been caused to lose or have a dimension of the services, society and other losses of consortium for which losses they are entitled to such damages as may be deemed reasonable in the premises.

### XIX.

Plaintiffs request trial by jury on all issues.

**WHEREFORE,** plaintiffs, Joshua Adams and Kristin Adams, individually and on behalf of their minor children, Kristin Nicole Adams and Braxton O'Neal Adams, pray that defendants, Occupational Medicine Services, L.L.C., Lenny Folse, N.P. and Robert Davis, M.D. be served with a copy of this Complaint and that after all legal delays and due proceedings had, there be judgment herein in favor plaintiffs and against defendants, jointly, severally and *in solido* in amounts deemed reasonable in the premises, together with legal interest thereon from date of the filing of the Request for Medical Review Panel until paid, for all costs of these proceedings and

for all general and equitable relief as the law and nature of this case may warrant and for trial by jury on all issues.

Respectfully submitted,

**THE GLORIOSO LAW FIRM**

VINCENT J. GLORIOSO, JR. (#6064)
MARIA B. GLORIOSO (#24435)
VINCENT J. GLORIOSO, III (#26896)
815 Baronne Street
New Orleans, LA 70113
Telephone: (504) 569-9999
Facsimile: (504) 569-9022
**Attorneys for Plaintiffs, Joshua Adams and Kristin Adams**